5 F.3d 543
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jerrald Albert TYLER Defendant-Appellant.
 No. 92-50165.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 7, 1993.*
Decided Sept. 22, 1993.
 
 Appeal from the United States District Court, for the Central District of California, D.C. No. CR-91-0828-DT-2; Dickran M. Tevrizian, Jr., District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before: KOZINSKI, SILER** and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Defendant Tyler was convicted on sixteen counts of mail fraud in violation of 18 U.S.C. Sec. 1341, involving the purchase and operation of car washes through Syndicorp, Inc. Defendant primarily raises the issue of ineffective assistance of counsel at trial and other errors by the court which were not developed by defense counsel at trial.
 
 
 3
 Defendant asserts that his counsel failed to develop a tacit agreement by the United States not to prosecute a material witness, McDonnell. Although United States v. Shaffer, 789 F.2d 682, 687 (9th Cir.1986), requires that the prosecution disclose any tacit understanding with a witness not to prosecute him, defendant has shown no evidence of any agreements, tacit or otherwise, between the prosecution and McDonnell, so there was no violation of Brady v. Maryland, 373 U.S. 83 (1963).
 
 
 4
 The district court did not abuse its discretion in allowing the introduction of a prior conviction of codefendant Hunziker, inasmuch as it was alleged as part of the fraud that the defendant knew of Hunziker's conviction for fraud and failed to disclose it in soliciting investors for Syndicorp. In addition, there was no error in asking Tyler on cross examination if Hunziker's nickname was "Out of Control," indicating his unlikely status as the partner in a business. Moreover, it was not plain error for the court to admit, without objection, evidence that Tyler used Syndicorp funds to pay Hunziker's bail. Nor was it error to admit the statements of salesmen to investors of Syndicorp, as they were offered to prove the existence of the scheme, not for the truth of the matter. See United States v. Gibson 690 F.2d 697, 700 (9th Cir.1982), cert. denied, 460 U.S. 1046 (1983).
 
 
 5
 Finally, although the defendant claims his lawyer did not prepare properly, object to inadmissible evidence, or cross-examine the witnesses properly, we are unable to determine from the record whether this is true and whether such conduct amounted to ineffective assistance of counsel under the standards of Strickland v. Washington, 466 U.S. 668, 688 (1984), inasmuch as it was not raised in the court below. Therefore, that is a question which should more properly be raised in collateral review. See United States v. Simas, 937 F.2d 459, 463 (9th Cir.1991); and United States v. Rewald, 889 F.2d 836, 859 (9th Cir.1989), amended, 902 F.2d 18 (9th Cir.1990).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Eugene E. Siler, Jr., United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3